# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN FOWLER, | : | No. 3:07cv276 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| DALLAS BOROUGH, | : | |
|     Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court are defendant's motions in limine in the instant the employment discrimination case. (Docs. 43, 45). Having been fully briefed, the matters are ripe for disposition.

**Background**

This case involves plaintiff's complaint that he was terminated from his position as Chief of Police in Dallas Borough, Pennsylvania. Plaintiff joined the Borough police in 1973 and was promoted to Chief of Police in 1988. He was discharged from this position honorably in 2004. Plaintiff alleges that his discharge was motivated by discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* After the close of discovery, the defendant filed a motion for summary judgment, which the court denied. The court then scheduled a pre-trial conference, the defendant filed the instant motions and the parties briefed

them, bringing the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, the court has jurisdiction pursuant to 28 U.S.C. § 1332. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Discussion**

The defendant filed two motions in limine. The court will address each in turn.

**A. Plaintiff's Lost Wages**

Defendant seeks to preclude evidence and testimony concerning plaintiff's alleged lost wages. Since plaintiff was awarded back pay and reinstatement by an arbitrator, defendant argues, he cannot recover for any back pay in the instant action as such damages would amount to a double recovery. As such, testimony on such pay is irrelevant and should be precluded. Plaintiff responds that defendant has not provided him with any back pay though ordered to by the arbitrator, and thus those damages are available and relevant to the case. In any case, plaintiff alleges that he is entitled to liquidated damages under the ADEA. Since liquidated damages are based on back pay and fringe benefits, the amount of lost wages is relevant to that element of damages.

Under the Federal Rules of Evidence, "'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the

2

determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401.  Under the ADEA, "[a]mounts owing to a person as a result of a violation of this Act shall be deemed to be unpaid minimum wages or unpaid overtime compensation."  The ADEA utilizes "the enforcement powers, remedies, and procedures of the Fair Labor Standards Act ("FLSA"). Potence v. Hazleton Area Sch. Dist., 357 F.3d 366, 372 (3d Cir. 2004).  Pursuant to the FLSA, "'any employer who violates [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." Id. (quoting 29 U.S.C. 216(b)).  Under the ADEA, "liquidated damages shall be payable only in cases of willful violations of this Act."  29 U.S.C. § 626(b); Dreyer v. Arco Chemical Co., 801 F.2d 651, 656 (3d Cir. 1986).

Thus, if plaintiff can prove that defendant willfully violated the ADA, he would be entitled to liquidated damages equal to the amount of unpaid wages and overtime.  Defendant would be liable for this amount regardless of the amount of back pay already awarded in the grievance proceeding.  The amount of back pay owed the plaintiff is therefore relevant.  The extent that back pay awarded by an arbitrator should constitute an off-set to any damages awarded in this case is an issue that defendant can argue at trial.  An appropriate verdict form and instruction will guide the jury on this issue.  The court will therefore deny the defendant's motion.

### B. Testimony Related to the Arbitration

Defendant seeks to exclude any evidence related to the arbitration and arbitrator's award in this case. Plaintiff filed a grievance after he was terminated. The arbitrator concluded that plaintiff had not proved discrimination, but found that the discharge was without just cause and ordered reinstatement and back pay. Evidence about this arbitration is not relevant to plaintiff's claims here, defendant argues, and would serve only to cause unfair prejudice. Plaintiff responds that one of the issues for trial is whether plaintiff was a qualified individual with a disability. The arbitrator's report, which concludes that plaintiff had not been terminated for cause, is evidence relevant to the question of whether plaintiff could perform his job and thus to the question of whether plaintiff can make out a prima facie case on his disability claim.

The court agrees with the defendant. Plaintiff raises a claim pursuant to the ADA. To make out a *prima facie* case under the ADA, a plaintiff must show 1) he is a disabled person within the meaning of the ADA; 2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and 3) he has suffered an otherwise adverse employment decision as a result of discrimination. Shiring v. Runyon, 90 F.3d 827, 831 (3d Cir. 1996). Thus, the jury will likely have to examine much the same evidence used by the arbitrator in making its decision. The opinion of this arbitrator, however, and any argument about the issues he decided, however, are not relevant

4

to the legal questions in this case. That argument and opinion do not make it more or less likely that plaintiff suffered discrimination on the basis of the ADA or the ADEA. Indeed, to the extent that the arbitrator offered an opinion on defendant's alleged discrimination and plaintiff's alleged physical condition, such an opinion would serve only to confuse the jury and prejudice the case. The court will therefore grant the motion in limine.

**Conclusion**

For the reasons stated above, the court will deny the defendant's motion to preclude evidence on back pay and grant the defendant's motion to preclude evidence on the arbitrator's award in this case. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN FOWLER,       Plaintiff | : : : : : : : : : : | No. 3:07cv276  (Judge Munley) |
| v. | | |
| DALLAS BOROUGH,       Defendant | | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 29th day of March 2010, the defendant's motion in limine to preclude evidence and testimony relating to plaintiff's lost wages (Doc. 43) is hereby **DENIED**. Defendant's motion to preclude evidence and testimony related to the Act 111 arbitration and award (Doc. 45) is hereby **GRANTED**.

BY THE COURT:

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**UNITED STATES DISTRICT COURT**