# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN FOWLER, | : | No. 3:07cv276 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| DALLAS BOROUGH, | : | |
|     Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for resolution is the issue of whether defendant is collaterally estopped by an arbitrator's decision from asserting that plaintiff's termination was for just cause.

**Background**

This case involves plaintiff's complaint that he was terminated from his position as Chief of Police in Dallas Borough, Pennsylvania. Plaintiff joined the Borough police in 1973 and was promoted to Chief of Police in 1988. He was discharged from this position honorably in 2004. Plaintiff alleges that his discharge was motivated by discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* After the close of discovery, the defendant filed a motion for summary judgment, which the court granted in part and denied in part. The issues remaining in the case are whether plaintiff was discharged in violation of

the ADEA and whether defendant retaliated against him. The defendant then filed motions in limine, which the court granted in part and denied in part. At a subsequent pre-trial conference, the parties raised the issue of whether the defendant should be able to raise as a defense that plaintiff was not qualified for the position as a result of his physical infirmities. The court ordered the parties to brief the issue, bringing the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, the court has jurisdiction pursuant to 28 U.S.C. § 1332. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Discussion**

The issue before the court involves the decision of an arbitrator in this matter. In an action between the Dallas Borough Police Department (Police Bargaining Unit) and Dallas Borough, the arbitrator found Fowler's termination wrongful (not supported by just cause) and directed the borough to offer Fowler immediate reinstatement along with other remedies to make Fowler whole. (Arbitrator's Award, at 43, 45; Pl. Ex. 31 (hereinafter "Arb. Award") (Doc. 24-3 at 35, 37)). The arbitrator, however, was "not convinced that age discrimination occurred here." (Id. at 36). The arbitrator's award was affirmed both by the Court of Common Pleas of Luzerne County, and, on appeal, by the Commonwealth Court. (Def. Exs. 21, 22 (Docs. 22-4

at 52-56, 58-69).

The plaintiff argues that the arbitrator in this case determined that plaintiff had not been terminated for just cause under the collective bargaining agreement, and therefore the defendant is precluded by the doctrine of collateral estoppel from arguing that plaintiff had been terminated for just cause. Courts in Pennsylvania have found that "[t]he doctrine of collateral estoppel precludes relitigation of an issue determined in a previous action if: (1) the issue decided in the prior case is identical to the one presented in the later action; (2) there was a final adjudication on the merits; (3) the party against whom the plea is asserted was a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment." Office of Disciplinary Counsel v. Kiesewetter, 889 A.2d 47, 50-51 (Pa. 2005). Plaintiff asserts that all of these elements have been satisfied. Defendants contend that the issues in the two cases are not identical, and that the defendant lacked a full and fair opportunity to litigate the issue in the prior proceeding.

The court agrees with the defendant. Defendant raised this issue at summary judgment, arguing that the arbitration decision precluded the defendant from seeking relief on discrimination claims in this court. The court found:

> Though the CBA generically prohibits "discrimination," and "discrimination" was one of the issues submitted to the arbitrator, it is clear from the arbitration decision that the federal statutes at issue here were neither referenced nor

3

analyzed. Even if the arbitrator's award had endeavored to examine Fowler's claims against the ADA and ADEA, this court would be very hesitant to consider giving preclusive effect to such a decision, given the factual nature of the claims. See Alexander v. Gardner-Denver Co., 415 U.S. 36, 47-48 (1974) (Noting, in the Title VII context, that first pursuing a remedy under a non-discrimination clause of a CBA should not preclude his statutory cause of action.)

Second, Dallas argues that Pennsylvania state court review of the arbitration award precludes litigation in federal court according to 28 U.S.C. § 1738. Defendant notes that the state court, in reviewing Plaintiff Fowler's arbitration award, had the authority to examine the proceeding for "constitutional deprivations." Pa. State Police v. Pa. State Troopers' Ass'n, 656 A.2d 83, 85 (Pa. 1995) ("The narrow certiorari scope of review limits a reviewing court to questions regarding: (1) the jurisdiction of the arbitrators; (2) the regularity of the proceedings; (3) an excess of the arbitrator's powers; and (4) deprivation of constitutional rights.") However, this "narrow certiorari scope of review" is not meant to exhaustively examine whether or not plaintiff has presented valid constitutional claims, but whether or not the arbitration itself accords with the constitution. More important, Fowler's claims in this case are statutory, not constitutional.

Fowler v. Borough of Dallas, 22 Am. Disabilities Cas. 1266, (M.D. Pa. 2009).

Thus, the court has earlier found that this case does not satisfy the first element of collateral estoppel: that the issue in the prior action is identical to the issue in this action. This case is an age-discrimination lawsuit, which requires the factfinder to evaluate specific elements and apply specific burdens of proof. The arbitrator did not address those issues for the ADEA. This lack of identity of issues means that collateral estoppel does not apply. Defendant may argue that "just cause" existed for the defendant's decision to terminate plaintiff.[1]

---

[1] Defendant argues that the "law of the case" doctrine prevents the court from granting plaintiff's motion. The law of the case doctrine "posits that when a court decides upon a rule of law, the decision should continue to govern the same issues in subsequent stages of the case." Christianson v. Colt. Indus. Operating Corp., 486 U.S. 800, 816 (1988). Since the court has already concluded that there is no identity of issues between

4

**Conclusion**

For the reasons stated above, the court will deny the plaintiff's motion to preclude evidence that he was terminated for just cause. An appropriate order follows.

---

the arbitrator's decision and the instant case, defendant argues, the court has established the law of the case and that earlier conclusion applies here. As the court has denied the motion on the basis raised by the plaintiff, the court declines to address defendant's argument.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN FOWLER, | : | No. 3:07cv276 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| DALLAS BOROUGH, | : | |
| Defendant | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 22nd day of September 2010, the plaintiff's motion to preclude testimony that plaintiff was fired for just cause is hereby **DENIED**.

BY THE COURT:

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**UNITED STATES DISTRICT COURT**